# COMPLAINT

(for non-prisoner filers without lawyers)

U.S. DISTRICT COURT
EASTERN DISTRICT - WI
FILED

2026 JUN 29  A 10: 53

CLERK OF COURT

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

(Full name of plaintiff(s))

AMAN SINGH

v.

(Full name of defendant(s))

JOSEPH ABRUZZO et al

(see defendant's page

PEPPER

Case Number:

**26-C 1149**

(to be supplied by Clerk of Court)

A.  PARTIES

1.  Plaintiff is a citizen of __Wisconsin__ and resides at
_____(State)_____

__5685 West Upham Ave; Greenfield WI 53220__
_____(Address)_____

(If more than one plaintiff is filing, use another piece of paper.)

2.  Defendant __JOSEPH ABRUZZO et al__
_____(Name)

Complaint – 1

is (if a person or private corporation) a citizen of **WISCONSIN**

(State, if known)

and (if a person) resides at **5635 S New Berlin Rd; 53130**

(Address, if known)

and (if the defendant harmed you while doing the defendant's job)

worked for **VILLAGE OF HALES CORNERS**

(Employer's name and address, if known)

(If you need to list more defendants, use another piece of paper.)

B.      STATEMENT OF CLAIM

On the space provided on the following pages, tell:
1.      Who violated your rights;
2.      What each defendant did;
3.      When they did it;
4.      Where it happened; and
5.      Why they did it, if you know.

_____

_____

_____

_____

_____

_____

_____

_____

Complaint – 2

PLAINTIFF:

AMAN SINGH
5685 WEST UPHAM AVE
GREENFIELD, WI 53220

DEFENDANTS:

JOSEPH ABRUZZO, Hales Corners Village Attorney

ZELLMER, COUDY, LANDRY, UNNAMED OTHERS, Hales Corners police officers.

VILLAGE OF HALES CORNERS, a municipal entity.

PATRICK WAIT, EDWARD HUNT, COLEEN CULLEN, defense attorneys assigned by the Wisconsin Public Defender.

## INTRODUCTION

This complaint results from two OWI stops, arrests, and subsequent prosecutions. They did not finally end with a favorable resolution to Singh until June 30, 2023. On that date, at an Initial Appearance in Milwaukee County Circuit Court, the charges were finally were *nolle prosequi*. Singh counts his statute of limitations as commencing on that date under *Heck v. Humphrey*.

## COUNT 1 - FOURTH AMENDMENT

On or about January 17th, 2017, Hales Corners Police Officers ZELLMER, COUDY, LANDRY, UNNAMED OTHERS, arrested Singh for operating while intoxicated third offense. There was no reasonable suspicion to stop and detain Singh, nor was there any probable cause to arrest Singh. Singh did nothing wrong and there was no basis for these Hales Corners officers detaining Singh. They were just mad that Singh refused to give a statement to them. Any charges were ultimately *nolle prosequi* on June 30, 2023.

## COUNT 2 – FOURTH AMENDMENT

On or about November 22nd, 2019, Singh was stopped again by the same Hales Corners Police officers named above. Singh had violated no laws and there was no reasonable basis to stop him. There was no probable cause to arrest either. Yet they arrested Singh again for sixth offense OWI. The officers were much more aggressive this time, forcibly stopping Singh's vehicle with theirs, approaching Singh with guns drawn, forcibly removing Singh from his vehicle and immediately and aggressively placing him in handcuffs. The same officers also conducted a warrantless search of Singh's vehicle that is not authorized under any exception. Any OWI charge was ultimately *nolle prosequi* on June 30, 2023.

## COUNT 3 – FOURTEENTH AMENDMENT

After the initial round of charges were dismissed, these same police officers violated Singh's due process rights by repeatedly sequential citations every time charges were dismissed. In total, Singh was charged by Hales Corners of OWI across 12 different citations until the whole process came to an end with the *nolle prosequi*. This resulted in a deprivation of liberty and property because Singh was repeatedly forced to post bail, appear in court under threat of bail jumping charges, and spend money defending himself. The repeat charges also resulted in Singh's driver license being suspended.

This also was an equal protection violation. The defendants treated Singh as a "class of one". They acted with sheer vindictiveness and personal animus because Singh never gave them statements during the traffic stops, criticized their actions after the arrest, and was successful in getting citations dismissed. So each time, they immediately issued a new round of citations they knew would eventually be legally dead in order to harass Singh or trap Singh into a default judgment if he ever did not appear for a court date.

## COUNT 4 – FIRST AMENDMENT

The officers filed these legally dead charges in retaliation of Singh's speech. They did not like that Singh remained silent and refused to answer their questions during the traffic stops, and did not like Singh's later criticism of their behavior. Their anger at Singh's words led them to keep filing repeated sequential citations.

## COUNT 5 – FAILURE TO TRAIN/DELIBERATE INDIFFERENCE

Singh alleges the VILLAGE OF HALES CORNERS failed to properly train and showed deliberate indifference to the actions of its employees. As explained above and below, the named Hales Corners officials subjected Singh to a sequential repeated series of citations. Each was dismissed, and as soon as they were dismissed, they issued new ones. In total, Singh was issued approximately 12 citations for OWI by these defendants until the whole process was finally put to an end by the Milwaukee County District Attorney's *nolle prosequei* on June 30th, 2023. Much of this occurred after Singh filed his notice of claim with the Village.

## SUPPLEMENTAL STATE TORT CLAIMS

## COUNT 6 – BATTERY

Given that there was no reasonable suspicion or probable cause in either stop, the Hales Corners police actions aggressively stopping detaining and arresting Singh showed harmful and offensive conduct. The brandishing of guns and manhandling of Singh caused injuries to Singh's extremities and inflicted physical and emotion pain.

## COUNT 7 – ASSAULT

Given that there was no reasonable suspicion or probable cause in either stop, the Hales Corners police actions aggressively stopping detaining and arresting Singh was threatening and created a reasonable fear of harm.

## COUNT 8 – FALSE IMPRISONMENT

Given that there was no reasonable suspicion or probable cause in either stop, the Hales Corners police actions aggressively stopping detaining and arresting Singh was intentional and without lawful authority.

## COUNT 9 – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Given that there was no reasonable suspicion or probable cause in either stop, the Hales Corners police actions aggressively stopping detaining and arresting Singh, the officers intended to cause distress, their actions were extreme and unacceptable since

they should be expected to know the law, and Singh found them offensive and and insult to his dignity. As a result, Singh has suffered phychological damage requiring medication and therapy.

## COUNT 10 – NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

On the same facts, Singh alleges negligent infliction of emotional distress as well.

## COUNT 11 – FALSE ARREST

Given that there was no reasonable suspicion or probable cause in either stop, the Hales Corners police actions aggressively stopping detaining and arresting Singh, they acted intentionally and without legal authority to keep Singh against his will.

## COUNT 12 – MALICIOUS PROSECUTION

The Hales Corners police officers, in conspiracy with Hales Corners prosecutor ABRUZZO, abused process by continuing to subject Singh to citations for OWI even after the initial charges were dismissed. In total, these defendants have issued a total of twelve citations for OWI for these incidents. Every time the charges were dismissed, they would just issue a new set, until the final 6-30-23 *nolle prosequi*.

There was no basis for these citations, they were after the statute of limitations expired. The defendants had an ulterior motive, to secure false convictions against Singh in order to reissue enhanced OWI charges in order to send Singh to prison falsely. They were angry that Singh refused to talk to the officers during the traffic stops. They were also angry that Singh criticized their actions after arrest.

Singh has suffered reputational damage, emotional distress, financial costs of defending himself as a result.

## COUNT 13 – LEGAL MALPRACTICE

Defense attorneys WAIT, HUNT and CULLEN refused to file a motion to dismiss based on a lack of reasonable suspicion and lack of probable cause. These attorneys told Singh such a motion would be frivolous. Singh was forced to proceed pro se for a while and find new attorneys until one finally did file a motion to dismiss on these grounds and that motion was successful.

Singh was harmed by ongoing financial and reputational harms from having to continue defending against these accusations for five additional years as a result.

COUNT 14 – CIVIL CONSPIRACY

Based on the foregoing, Singh also alleges all of the above defendants are in a civil conspiracy.

If it is necessary to provide more details, Singh asks the court for leave to do so.

C. JURISDICTION

☒ I am suing for a violation of federal law under 28 U.S.C. § 1331.

OR

☐ I am suing under state law. The state citizenship of the plaintiff(s) is (are) different from the state citizenship of every defendant, and the amount of money at stake in this case (not counting interest and costs) is $ _____.

D. RELIEF WANTED

Describe what you want the Court to do if you win your lawsuit. Examples may include an award of money or an order telling defendants to do something or to stop doing something.

UNSPECIFIED MONETARY DAMAGES, EXTRA TRAINING OF DEFENDANT

POLICE OFFICERS

Complaint – 4

E.   JURY DEMAND

I want a jury to hear my case.

■ – YES          ☐ – NO

I declare under penalty of perjury that the foregoing is true and correct.

Complaint signed this ___28TH___ day of _____JUNE_____ 20_26___.

Respectfully Submitted,

_____
Signature of Plaintiff

4145559661
_____
Plaintiff's Telephone Number

AMANSINGH0623@GMAIL.COM
_____
Plaintiff's Email Address

5685 WEST UPHAM AVE
_____

GREENFIELD WI 53220
_____
(Mailing Address of Plaintiff)

(If more than one plaintiff, use another piece of paper.)

**REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE**

■   I **DO** request that I be allowed to file this complaint without paying the filing fee. I have completed a Request to Proceed in District Court without Prepaying the Filing Fee form and have attached it to the complaint.

☐   I **DO NOT** request that I be allowed to file this complaint without prepaying the filing fee under 28 U.S.C. § 1915, and I have included the full filing fee with this complaint.

Complaint – 5